| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF LAKE | ) | |

| JERRY TERRELL, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Number: |
| | ) | |
| GARBER HIGHLAND, INC. and | ) | |
| GARBER REALTY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I

COMES NOW the Plaintiff, JERRY TERRELL, and for Count I of her Complaint against the Defendant, GARBER HIGHLAND, INC., states as follows:

1.  Defendant, Garber Highland, Inc. ("Garber Dealership"), is a foreign business entity who, at all times relevant to the incident alleged herein, owns and operates a business, Garber Chevrolet Highland, located at 9700 Indianapolis Blvd, Highland, IN 46322, which subjects it to a cause of action in this jurisdiction and venue.

2.  Defendant, Garber Realty, LLC. ("Garber Real Estate"), is a foreign business entity who, at all times relevant to the incident alleged herein, owned the real estate located at 9700 Indianapolis Blvd, Highland, IN 46322, which subjects it to a cause of action in this jurisdiction and venue.

3.  On October 18, 2021, Plaintiff, Jerry Terrell, was an invitee of Garber Dealership at the Garber Chevrolet Highland automobile dealership as a prospective vehicle purchaser.

1

4. At the above stated date, time, and place, at the direction of an employee of Garber Dealership, Plaintiff, Jerry, exited the showroom via the door to view vehicles with the salesperson.

5. At the above stated date, time, and place, the doorway through which Jerry exited the building, along with the matting, steps, sidewalk, and elevation changes between them was unreasonably dangerous, hazardous, and otherwise defective.

6. As a result of the defective condition of the premises, Plaintiff fell and sustained bodily injury.

7. At all relevant times, Defendant Garber Dealership had a duty to maintain safe and hazard-free premises in order to prevent foreseeable injury to its invitees, including Plaintiff.

8. At all relevant times, Defendant Garber Dealership had a duty to inspect its premises on a regular basis to discover any hazardous conditions.

9. At all relevant times, Defendant Garber Dealership should have expected that an invitee, especially a new customer, would not discover or realize the danger of the condition, or would fail to protect themselves from the condition.

10. At all relevant times, Plaintiff Jerry did not know and had no reason to know of the presence and/or danger of the defective and hazardous means of egress.

11. Defendant Garber Dealership breached its duty to Plaintiff and was negligent in one or more of the following acts and/or omissions.

    a. Failed to maintain safe premises.

    b. Was negligent in the supervision and/or training of its employees.

    c. Failed to use reasonable care to protect invitees and plaintiff of potential hazards on the premises.

    d.    Failed to investigate the premises to discover potentially hazardous conditions.

    e.    Allowed a dangerous condition to exist on its property in the presence of invitees while knowing that the dangerous condition was likely to cause harm.

    f.    Failed to provide safe means of egress from the building in violation of IC § 12-17.2-2-9(b)(3).

    g.    Failed to warn of the dangerous condition when Defendant knew, or through reasonable care should have known, that failure to do so would cause harm to the public or Plaintiff.

12.    As a direct and proximate result of Defendant Garber Dealership's negligence and breach of duty of care, Plaintiff suffered severe and permanent personal injuries, suffered physical pain, mental anguish, disability, disfigurement, humiliation, emotional distress, loss of enjoyment of life, and has sustained other injuries and damages of a personal and pecuniary nature, lost wages and benefits of employment, has been kept and will continue to be kept from her ordinary affairs, and has become liable for past, present, and future medical expenses.

**WHEREFORE**, the Plaintiff, JERRY TERRELL, respectfully requests judgment in her favor and against the Defendant, GARBER HIGHLAND, INC., for damages, pre- and post-judgment interest, costs and all other just and proper relief.

Respectfully submitted,

/s/ Joseph G. Bombagetti
Joseph G. Bombagetti, Attorney for Plaintiff
Atty. No.: 28417-45

## COUNT II

COMES NOW the Plaintiff, JERRY TERRELL, and for her Complaint against the Defendant, GARBER REALTY, LLC, states as follows:

3

13. Plaintiff, Jerry Terrell, incorporates by rhetorical reference, Paragraphs 1-12 of Count I of her Complaint as and for Paragraph 13 of this Count II.

14. On October 18, 2021, Plaintiff, Jerry Terrell, was an invitee of Garber Real Estate at the Garber Chevrolet Highland automobile dealership as a prospective vehicle purchaser.

15. At the above stated date, time, and place, the doorway through which Jerry exited the building, along with the matting, steps, sidewalk, and elevation changes between them was unreasonably dangerous, hazardous, and otherwise defective.

16. As a result of the defective condition of the premises, Plaintiff fell and sustained bodily injury.

17. At all relevant times, Defendant Garber Real Estate, as the owner of the premises wherein the injuries occurred, had a duty to maintain safe and hazard-free premises in order to prevent foreseeable injury to its invitees, including Plaintiff.

18. At all relevant times, Defendant Garber Real Estate had a duty to inspect its premises on a regular basis to discover any hazardous conditions.

19. At all relevant times, Defendant Garber Real Estate should have expected that an invitee, especially a new customer, would not discover or realize the danger of the condition, or would fail to protect themselves from the condition.

20. At all relevant times, Plaintiff Jerry did not know and had no reason to know of the presence and/or danger of the defective and hazardous means of egress.

21. Defendant Garber Real Estate breached its duty to Plaintiff and was negligent in one or more of the following acts and/or omissions.

    a. Failed to maintain safe premises.

    b. Was negligent in the supervision and/or training of its employees.

   c. Failed to use reasonable care to protect invitees and plaintiff of potential hazards on the premises.

   d. Failed to investigate the premises to discover potentially hazardous conditions.

   e. Allowed a dangerous condition to exist on its property in the presence of invitees while knowing that the dangerous condition was likely to cause harm.

   f. Failed to provide safe means of egress from the building in violation of IC § 12-17.2-2-9(b)(3).

   g. Failed to warn of the dangerous condition when Defendant knew, or through reasonable care should have known, that failure to do so would cause harm to the public or Plaintiff.

22. As a direct and proximate result of Defendant Garber Real Estate's negligence and breach of duty of care, Plaintiff suffered severe and permanent personal injuries, suffered physical pain, mental anguish, disability, disfigurement, humiliation, emotional distress, loss of enjoyment of life, and has sustained other injuries and damages of a personal and pecuniary nature, lost wages and benefits of employment, has been kept and will continue to be kept from her ordinary affairs, and has become liable for past, present, and future medical expenses.

  **WHEREFORE**, the Plaintiff, JERRY TERRELL, respectfully requests judgment in her favor and against the Defendant, GARBER REALTY, LLC., for damages, pre- and post-judgment interest, costs and all other just and proper relief.

5

Respectfully submitted,


 /s/ Joseph G. Bombagetti
Joseph G. Bombagetti, Attorney for Plaintiff
Atty. No.: 28417-45

KELLY LAW OFFICES LLC
1619 Junction Avenue
Schererville, IN 46375
Telephone: (219) 791-0606
Fax: (219) 791-0707
E-Mail: mpm@kelly-lawyers.com